UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JAMIE CLARENCE BYERLEIN,

        Plaintiff,         Case No. 1:09-cv-841

v.         Honorable Paul L. Maloney

RAY HAMILTON,

        Defendant.

_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.       Factual allegations

Plaintiff Jamie Clarence Byerlein presently is incarcerated at the Chippewa Correctional Facility, though the actions he complains of occurred while he was in the custody of the Wexford County Sheriff's Department. He sues Wexford County Deputy Sheriff Ray Hamilton.

According to the allegations of the complaint, in January 2007, Deputy Hamilton transported Plaintiff from the Osceola County Jail to court for sentencing. Plaintiff was placed in the back cabinet of the Wexford County Sheriff's Department transport vehicle. His hands were cuffed tightly behind his back, and he was not restrained by a seat belt. Plaintiff alleges that Deputy Hamilton was talking on his cell phone while driving. Plaintiff noticed a road sign indicating that a bridge ahead may be icy. Shortly thereafter, Hamilton lost control of the vehicle, swerved wildly through traffic and struck several guardrails. Plaintiff was thrown face-first into the back, inside, steel-plated wall of the van. The vehicle crashed, and Plaintiff was thrown from the back of the van to the front door of the van. He heard a loud cracking sound and experienced terrible pain. Plaintiff then blacked out.

Hamilton woke Plaintiff, asking if he was alright. Plaintiff was then assisted into an emergency vehicle and taken to Mercy Hospital in Cadillac, Michigan. He was treated for a large swelling on his head, a knee injury and back pain. Since the accident, Plaintiff has continued to suffer the following medical ailments: frequent headaches; difficulty balancing; pain and swelling in his legs after standing; sharp pain in his back when he lies down or stands too long; and blurry vision.

Plaintiff seeks compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).[1] An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). The official must both be aware of facts from which

---

[1]Plaintiff asserts that he was a pretrial detainee at the time of the incident. Plaintiff, however, acknowledges that he was being transported to the courthouse for sentencing, suggesting that he already had been convicted of the offense. Plaintiff's status, however, does not alter the Court's analysis. Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837.

The reason for focusing on a defendant's mental attitude is to isolate those defendants who inflict punishment. *Farmer*, 511 U.S. at 839. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *See Farmer*, 511 U.S. at 835 (mere negligence is not enough to demonstrate deliberate indifference.); *see also Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

Here, Plaintiff alleges only that Defendant was negligent in his operation of the transport vehicle because he was talking on a cell phone while driving. "[I]njuries suffered during an automobile accident do not amount to [constitutional] violations merely" because the driver of the vehicle was a law enforcement officer. *Webber v. Mefford*, 43 F.3d 1340, 1342 (10th Cir.1994). Although Plaintiff alleges that Hamilton was negligent in using a cell phone while driving and that he failed to observe or heed the warning about potential icy conditions on the bridge, nothing in

Plaintiff's allegations suggests that Hamilton consciously disregarded a substantial risk of harm. *Farmer*, 511 U.S. at 839. Courts have held that the failure of an officer to fasten a shackled prisoner's seatbelt is insufficient to demonstrate the requisite culpability. *See Dexter v. Ford Motor Co.*, 92 F. App'x 637, 641 (10th Cir. 2004). Moreover, Plaintiff does not allege that he asked to be seatbelted or that Hamilton refused to slow down when Plaintiff asked him to do so or otherwise demonstrated conscious disregard for Plaintiff's safety. *Cf. Brown v. Fortner*, 518 F.3d 552, 559 (8th Cir. 2008) (recognizing that a complaint stated a claim of deliberate indifference where the officer refused to fasten prisoners' seatbelts, drove recklessly, and refused to slow down despite prisoners' requests to do) (citing *Brown v. Morgan*, No. 94-2023, 1994 WL 610993, at *1 (8th Cir. Nov. 7, 1994) (same)). As a consequence, Plaintiff's factual allegations sound in negligence only and fail to rise to the level of a constitutional violation.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   October 7, 2009            /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    Chief United States District Judge